UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CYNTHIA WEISBERG, individually and on behalf of all others similarly situated,

            Plaintiff,

v.

MEDTECH PRODUCTS, INC. and PRESTIGE CONSUMER HEALTHCARE COMPANY,

            Defendants.

Case No.:

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendants Medtech Products Inc. and Prestige Consumer Healthcare Inc., erroneously sued herein as Prestige Consumer Healthcare Company (together, "Defendants") hereby remove to this Court the action entitled *Weisberg v. Medtech Products, Inc. et al.*, Index No. 507103/2024.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). Removal is timely because this notice is being filed not later than 30 days after service, as required by 28 U.S.C. § 1446(b).

In support of removal, Defendants state as follows:

**I.**     **BACKGROUND**

1. On March 11, 2024, plaintiff Cynthia Weisberg ("Plaintiff") filed a civil action in the Supreme Court of the State of New York, County of Kings, entitled *Weisberg v. Medtech Products, Inc. et al.*, Index No. 507103/2024, purportedly on behalf of herself and all others similarly situated. Defendants were served on March 20, 2024.

2. The Class Action Complaint ("Complaint"), a copy of which is attached hereto as part of Exhibit A, arises from the purported purchase of Defendants' Dramamine Non-Drowsy Dietary Supplement (the "Product"). *See* Complaint ¶ 1.

3. The Complaint asserts claims for alleged violations of Sections 349 and 350 of the New York General Business Law, breach of express warranty, and unjust enrichment. *See* Complaint ¶¶ 52-88. The putative class consists of "all consumers who purchased the Product anywhere in the United States during the Class Period." *Id.* ¶ 42.

II. **GROUNDS FOR REMOVAL**

4. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which provides that a district court shall have shall have original jurisdiction over any civil class action in which (i) there are at least 100 members in all proposed plaintiff classes, (ii) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and (iii) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2) and (5).

5. This action may be removed because each of CAFA's requirements, and all of the procedural requirements for removal, are satisfied here. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant"); *see also* 28 U.S.C. §§ 1446, 1453.

***The Number of Proposed Class Members Exceeds 100.***

6. The Complaint expressly alleges that "Class Members are so numerous that joinder of all members is impracticable," and that "Plaintiff believes that there are *thousands* of consumers who are Class Members as described above." Complaint ¶ 46. Thus, on its face, the allegations of the Complaint establish that "the number of members of all proposed plaintiff classes in the aggregate" exceeds 100, as required by 28 U.S.C. § 1332(5)(B).

***The Amount in Controversy Exceeds $5,000,000.***

7. Courts "generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-57 (2d Cir. 2006); *see also Sorrentino v. ASN Roosevelt Center, LLC*, 588 F.Supp.2d 350, 354 (E.D.N.Y. 2008) ("In determining the amount in controversy, courts first turn to the allegations of the plaintiff's complaint.").

8. "[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citations omitted).

9. There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quotation omitted). In order to overcome this presumption, "the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id.*

10. While the Complaint does not specify the amount in controversy, it is apparent from the face of the Complaint that the total amount in controversy exceeds $5,000,000.

11. Plaintiff alleges that Defendants have marketed and sold the Product throughout the country. *See* Complaint ¶ 1. Plaintiff purports to represent a class which consists of "all consumers who purchased the Product anywhere in the United States during the Class Period," *i.e.*, the "applicable statute of limitations period." *Id.* ¶¶ 20, 42.

12. Plaintiff alleges that "Plaintiff and Class Members would not have purchased the Product" but for certain alleged misrepresentations by Defendants, and therefore "suffered an

injury in the amount of the purchase price of the Product and/or premium paid" when purchasing the Product. Complaint ¶ 19; *see also id.* ¶¶ 28, 31.

13. Plaintiff seeks "monetary [damages], compensatory [damages], injunctive relief, restitution, and disgorgement of all moneys obtained by means of" the complained-of conduct. Complaint ¶¶ 60, 72, 88. Plaintiff has knowingly and "expressly waive[d] any right to recover minimum, punitive, treble, and/or statutory damages pursuant to GBL § 349" or "pursuant to GBL § 350." *Id.* ¶¶ 61, 73.

14. On these theories, the alleged amount in controversy plainly satisfies the jurisdictional threshold of $5,000,000. The amount in controversy can be calculated based on sales figures during the relevant period. *See, e.g., Egleston v. The Valspar Corp.*, No. 15-cv-4130-DLC, 2015 WL 6508329, at *4 (S.D.N.Y. Oct. 13, 2015) (accepting sales figures to establish the amount in controversy). The total nationwide sales of the Product over a multi-year period exceed $5,000,000.

15. Additionally, while Defendants do not believe that an award of attorney's fees would be appropriate here, the aggregate amount in controversy is determined by the relief requested in the Complaint, which includes such fees. *See Pollock v. Trustmark Ins. Co.*, 367 F.Supp.2d 293, 298 ("Attorney's fees can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute."); N.Y. G.B.L. § 349 (permitting an award of reasonable attorney's fees to a prevailing plaintiff). The potential inclusion of attorney's fees makes it even more certain that the amount in controversy exceeds $5,000,000.

*Minimal Diversity Exists.*

16. The minimal diversity standard of CAFA is satisfied as long as any defendant is a citizen of a different state than "any member of a class of plaintiffs." *See* 28 U.S.C. § 1332(d)(2)(A).

17. A corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Medtech Products Inc. and Prestige Consumer Healthcare Inc. are Delaware corporations with a principal place of business in Tarrytown, New York. Accordingly, Defendants are considered to be citizens of Delaware and New York.

18. The proposed class is expressly defined by the Complaint as consisting of "all consumers who purchased the Product *anywhere in the United States* during the Class Period." Complaint ¶ 42 (emphasis added). Plaintiff expressly alleges breaches of the state warranty laws of all fifty states. *See id.* ¶ 80; *see also id.* ¶ 1 (alleging the marketing and sale of the Product "throughout the country"); ¶ 84 (asserting claims on behalf of "consumers nationwide").

19. Even the proposed "New York Subclass" consists of "individuals who purchased the Product in the State of New York at any time during the Class Period." Complaint ¶ 43. On its face, the proposed subclass is not limited to citizens or even residents of New York, and it is certain that there are at least some consumers who purchased the Product in New York but are not citizens of either New York or Delaware. *See Blockbuster*, 472 F.3d at 59 ("[I]t seems plain to us that [defendant] is able to meet its burden of showing there is a reasonable probability that at least one of these class members is … 'a citizen of a State different from … defendant.'").

20. Given that this case involves a purported nationwide class and a product which is sold nationwide, neither of the local controversy exceptions set forth in 28 U.S.C. § 1332(d)(3)

and (4), respectively, apply here. Putative class members who are citizens of New York are far fewer than one-third of the putative nationwide class.

*The Procedural Requirements for Removal Are Satisfied.*

21. Venue in this district and division is proper under 28 U.S.C. § 1441(a) because this district and division encompasses the Supreme Court of the State of New York, County of Kings, the forum in which the removed action was pending.

22. Copies of all process, pleadings, and orders served upon Defendants are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

23. The Defendants were served with the Complaint on March 20, 2024. Removal is timely because this Notice of Removal is being filed within 30 days of service of the Complaint, as required by 28 U.S.C. § 1446(b).

24. Concurrently with this filing, a copy of this Notice of Removal and all supporting documents are being filed with the clerk of the Supreme Court of the State of New York, and written notice is being served upon counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

### III.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that this action is properly removed pursuant to the Class Action Fairness Act.

| | |
|---|---|
| Dated: April 19, 2024<br>New York, New York | **STEPTOE LLP**<br>By: /s/ Evan Glassman<br><br>Anthony Anscombe [*]<br>227 West Monroe Street<br>Suite 4700<br>Chicago, IL 60606<br>Tel: (312) 577-1300<br>Fax: (415) 365-6675<br><br>Evan Glassman<br>Jason E. Meade<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 506-3900<br>Fax: (212) 506-3950<br><br>[*] *Pro Hac Vice* application forthcoming<br><br>*Attorneys for Defendants Medtech Products Inc. and Prestige Consumer Healthcare Inc.* |